**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------X
JANKI BAI SAHU, et al.,          :
          Plaintiff,       :       04 Civ. 8825 (JFK)
   -against-                    :       **OPINION & ORDER**
                           :
UNION CARBIDE CORP. and          :
WARREN ANDERSON,                 :
          Defendants.      :
-------------------------------X

<u>APPEARANCES</u>:
    For Plaintiffs Janki Bai Sahu, <u>et al</u>.:

        Richard S. Lewis, Esq.
        1100 New York Ave., NW
        Suite 500 West
        Washington, DC 20005

        H. Rajan Sharma, Esq.
        36 Ravenwood Court
        Edison, NJ 08820

        Curtis V. Trinko, Esq.
        16 West 46th St., Seventh Floor
        New York, NY 10036

        Richard Herz, Esq.
        EarthRights International
        1612 K Street, NW Suite 401
        Washington, DC 20006

    For Defendants Union Carbide Corp. and Warren Anderson:

        William A. Krohley, Esq.
        William C. Heck, Esq.
        Kelley Drye & Warren, LLP
        101 Park Avenue
        New York, NY 10178

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge**:

In this discovery dispute, Plaintiffs request 199 categories of documents and four depositions. Defendants object to the depositions and the majority of the document requests as beyond the scope of the limited discovery permitted by this Court in its December 1, 2005 Opinion and Order. Sahu v. Union Carbide Corp., No. 04-8825, 2005 WL 3274059 (S.D.N.Y. Dec. 1, 2005). The Court finds that the four depositions requested and all of the document requests – except requests 176, 178-180, 182-193 and 199, as all are limited below – are beyond the scope of discovery and, therefore, denied.

Defendants moved for summary judgment on Plaintiffs' veil piercing claim on one ground: that "Plaintiffs [could] not meet an essential requirement for corporate veil piercing – specifically, the need to prevent fraud or achieve justice – because EIIL is a 'financially viable corporation, fully capable of responding to plaintiffs' claims . . .'" Sahu, 2005 WL 3274059 at *2 (quoting Defs.' Mot. For Summ. J. 2).

Pursuant to Local Rule 56.1, Defendants submitted a statement of material, undisputed facts in connection with the summary judgment motion. The 56.1 statement includes a total of four such facts:

> 1. Union Carbide India Limited is now named Eveready Industries India Ltd. ("EIIL"). (Complaint ¶ 123.)

2

>             2.   EIIL is a publicly traded corporation in
> India, with a market capitalization as of May 17, 2005 of
> rupees 5.19 billion.  (Affidavit of William C. Heck at ¶¶
> 6-8 and Exs. E and F thereto.)
>             3.   EIIL's Eveready brand name alone has been
> valued at rupees 6.6 billion. (Heck Aff. ¶ 9 and Ex. G
> thereto.)
>             4.   EIIL is a substantial entity that is
> financially capable of responding to plaintiffs' injury
> claims.

(Defs.' Rule 56.1 Statement.)  This statement represents a summary of the only basis on which Defendants moved for summary judgment with regard to Plaintiffs' veil piercing claim.

Plaintiffs applied for a stay pending additional discovery on the ground that "Plaintiffs have had no opportunity to conduct discovery" on the "four allegedly undisputed material facts contained in [defendants'] statement pursuant to Local Rule 56.1." (Pls.' Resp. to Defs.' Rule 56.1 Statement ¶ 4.)

The Court granted the stay, pursuant to Fed.R.Civ.P. 56(f).  The Court specified that "[d]iscovery shall be limited to EIIL and its corporate relationship to UCIL and UCC." Sahu, 2005 WL 3274059 at *9.  The Court did not grant a stay for additional discovery relating to corporate veil piercing in general, but specifically limited its decision to discovery concerning EIIL and its relationship to UCC and UCIL, for that is the only subject relevant to Defendants' summary judgment motion.[1]

---

[1] At the end of paragraph 4 of plaintiffs' stay application, plaintiffs claim that they also need discovery regarding "the corporate relationship, independence or control of UCIL by UCC."

3

The majority of Plaintiffs' requests are not related to EIIL, nor do they refer to EIIL in any way. Only requests 176, 178-180, 182-193, and 199 are permitted, so far as they refer to EIIL and its ability to respond financially to Plaintiffs' claims. Any part of these requests relating to Dow Chemical, UCC's sale of its remaining shares in UCIL, UCC's relationship with UCIL, and the formation of UCIL is not permitted. Portions of requests referring to EIIL's relationship with other entities such as McLeod Russel, the B.M. Khaitan Group, and Williamson Magor Group are permitted to the extent they relate to EIIL's ability to respond to Plaintiffs' claims. For example, if EIIL owes a million dollars to the Williamson Magor Group, this speaks to EIIL's financial viability. Any portion of these requests, however, that refers to UCC's or UCIL's relationship with these other entities is not permitted. The Court is allowing request 185 because, though Defendants claim it has nothing to do with EIIL, it directly relates to one of Defendants' four undisputed material facts from the 56.1 statement, describing the "Eveready brand name." Finally, in compliance with Local Rule 26.2, request 199 is permitted in the event Defendants assert any privileges.

---

These issues have no relation to the ground on which Defendants moved for summary judgment. Therefore, broader discovery is not relevant to the summary judgment motion, and Rule 56(f) only allows additional discovery "essential to justify the party's opposition."

4

Plaintiffs are not permitted to take any of the four requested depositions because the subject on which Plaintiffs wish to depose witnesses is not related to EIIL. Plaintiffs' notices of deposition state that the subject on which witnesses will be deposed is: "the corporate relationship between Union Carbide Corporation and Union Carbide India Limited." This is beyond the scope of permissible discovery.

In conclusion, all of Plaintiffs' discovery requests are denied with the exception of document requests 176, 178-180, 182-193 and 199, as all are limited above. Discovery, previously scheduled to conclude on January 30, 2006, is extended until February 28, 2006.

**SO ORDERED.**

**Dated:** New York, New York
January 9 , 2006

*/s/ John F. Keenan*

**JOHN F. KEENAN**
United States District Judge