UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JANKI BAI SAHU, et al.,              :
                                     :
            Plaintiffs,              :
                                     :     No. 04 Civ. 8825 (JFK)
      -against-                      :     **Memorandum Opinion and**
                                     :              **Order**
UNION CARBIDE CORPORATION, et al., :
                                     :
            Defendants.              :
----------------------------------X
**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiffs' motion requesting reassignment of this case to another judge in the Southern District of New York, or, in the alternative, referral of the pending summary judgment motion to a Magistrate Judge for the issuance of a Report and Recommendation.  For the reasons that follow, Plaintiffs' motion is denied.

## I. Background

Since 1985, this Court has presided over a significant number of cases involving Union Carbide's operations in Bhopal, India, including:  the multi-district litigation stemming from the disastrous 1984 gas leak, see In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984, 634 F. Supp. 842 (S.D.N.Y. 1986), aff'd as modified, 809 F.2d 195 (2d Cir. 1987), cert. denied, 484 U.S. 871 (1987); a putative class action concerning site-based and groundwater pollution in and around the Bhopal plant, see, e.g., Bano v. Union Carbide Corp., No. 99

Civ. 11329, 2005 WL 2464589 (S.D.N.Y. Oct. 5, 2005), aff'd, 198
F. App'x 32 (2d Cir. 2006); and the instant litigation, which
also raises pollution claims.  Familiarity with the history of
this case is presumed.  See, e.g., Sahu v. Union Carbide Corp.,
418 F. Supp. 2d 407 (S.D.N.Y. 2005) ("Sahu I"); Sahu v. Union
Carbide Corp., No. 04 Civ. 8825, 2006 WL 3377577 (S.D.N.Y. Nov.
20, 2006) ("Sahu II"), rev'd, 548 F.3d 59 (2d Cir. 2008)
(reversing and remanding decision to convert motion to dismiss
to motion for summary judgment where Court gave Plaintiffs
insufficient notice); Sahu v. Union Carbide Corp., 262 F.R.D.
308 (S.D.N.Y. 2009) (Rule 56(f) discovery order).

## II. Discussion

The Local Rules confer on the Court broad discretion to
transfer a case to another district judge on consent, upon
taking Senior status, or "in the interest of justice or sound
judicial administration."  S.D.N.Y. Local R. 16, 17, 22 for the
Division of Business Among District Judges.  The Local Rules do
not confer any rights on litigants, and instead are intended to
govern the internal distribution of cases among judges.  See
United States v. Pescatore, No. 05 Cr. 128, 2006 WL 47451, at *6
(E.D.N.Y. Jan. 5, 2006) (denying reassignment because Local
Rules provide no legal basis for making the motion).

Therefore, a motion for reassignment is generally addressed
to the appellate court, which may reassign a case to another

2

district judge on remand.  In deciding whether "unusual"

circumstances exist such that a case should be reassigned, the

Court considers:

> (1) whether the original judge would reasonably be
> expected upon remand to have substantial difficulty in
> putting out of his or her mind previously-expressed
> views or findings determined to be erroneous or based
> on evidence that must be rejected, (2) whether
> reassignment is advisable to preserve the appearance
> of justice, and (3) whether reassignment would entail
> waste and duplication out of proportion to any gain in
> preserving the appearance of fairness.

Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 147 (2d Cir. 2000)

(quoting United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977)

(per curiam)).

The procedural posture of this motion is somewhat

backwards.  Plaintiffs have never requested reassignment from

the Second Circuit, nor has the appellate court acted to

reassign the case sua sponte.  Instead, Plaintiffs ask the Court

to apply the Second Circuit's test in Robin to itself and make a

self-determination that reassignment is required to preserve the

appearance of justice.  Although the ruling on this motion is

necessarily subjective, after careful consideration, the Court

declines to exercise its discretion as provided in the Local

Rules, and additionally finds that the factors the Second

Circuit would consider if it were to decide the motion do not

necessitate reassignment.

### A.   Previously Expressed Views and Findings

In Robin, the Court explained that "[w]here a judge has made detailed findings based on evidence erroneously admitted or factors erroneously considered, the circumstances sometimes are such that upon remand he or she either cannot reasonably be expected to erase the earlier impressions from his or her mind or may tend to lean over backwards or overreact in an effort to be fair and impartial."  553 F.2d at 10.  In order to determine whether the judge's previously expressed views are so insurmountable as to warrant reassignment, the Court considers "the nature of the proceeding, the firmness of the judge's earlier expressed views or findings, and the reasons for the reversal."  Id.

Plaintiffs argue that the appellate record in this case and in Bano indicate that the Court will adhere to its "firmly held views" of the case and will not properly consider the summary judgment motion on remand.  As an initial matter, the Court notes that none of its factual findings have been "determined to be erroneous or based on evidence that must be rejected."  Although decisions in Bano and the instant action have been appealed several times, the Second Circuit ultimately affirmed the dismissal of the Bano plaintiffs' claims in their entirety, Bano v. Union Carbide Corp., 198 F. App'x 32 (2d Cir. 2006), and has taken no position on the substantive analysis underlying

4

this Court's summary judgment dismissal in Sahu.  Plaintiffs
mischaracterize the appellate court's ruling in Sahu as one that
vacated the District Court dismissal because it ruled based on
evidence it should not have considered.  However, the Second
Circuit reversed Sahu on the technical ground that Plaintiffs
should have received "further notice" that the Court intended to
convert the motion to dismiss to a motion for summary judgment.
It made no comment on the merits, and even twice stated that the
question of adequate notice was a "close case."  Sahu, 548 F.3d
at 67, 70.  Although there have been reversals, the appellate
record fails to demonstrate that the Court has such "firmly held
views" of the evidence or of the merits of Plaintiffs' claims
that it cannot fairly decide the summary judgment motion on
remand.

Next, Plaintiffs argue that in deciding the summary
judgment motions, the Court made factual findings based on a
limited record which it will not be able to overcome when
evaluating the newly expanded record supporting the motion on
remand.  Although Plaintiffs characterize the record up to this
point as "limited," they neglect to mention that the dismissal
was based on the fact that the documents cited in their own
complaint contradicted their claims.  The Court came to this
conclusion twice, without the constraint of the law of the case
doctrine, and only "after renewed, independent consideration of

the complaint." Sahu, 262 F.R.D. at 313 n.2.  Moreover, the
Court granted Plaintiffs' motion under Rule 56(f) for a stay of
the summary judgment motion on remand pending further discovery,
finding that "[t]he Court recognizes, however, that Plaintiffs
can overcome these contradictions, and with them Defendants'
summary judgment argument, by obtaining documents that actually
support their claims as expressed in the complaint." Id. at
313.  The Court could not have more plainly stated its
willingness and ability to consider the record as a whole when
the summary judgment motion is renewed.  The Court even provided
Plaintiffs with a roadmap for defeating the motion, explicitly
acknowledging that discovery may yield evidence that creates a
genuine issue of material fact.

    Furthermore, nothing in the previous rulings indicates that
the Court intends only to evaluate newly produced evidence to
determine whether it "overcomes" defects that previously existed
in the record.  The Court wishes to assure all of the parties
that it can and will undergo a thorough and independent review
of all evidence submitted when deciding the summary judgment
motion.  This comports with the duty with which the Second
Circuit charges the district court to faithfully apply the law.
See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 296 (2d Cir. 2006)
(denying reassignment on remand where there was "no reason
whatever to think that the district court will be unable to - or

6

could reasonably be perceived to be unable to – faithfully apply the law on remand"); <u>Reilly v. Natwest Markets Group Inc.</u>, 181 F.3d 253, 271 (2d Cir. 1999) (denying reassignment on remand where the Court of Appeals was "unconvinced that reassignment would further the appearance of justice, or that either of the judges involved in the original proceedings would have any difficulty putting aside previously expressed views"); <u>cf.</u> <u>CSX Transp., Inc. v. State Bd. of Equalization</u>, 521 F.3d 1300, 1301 (11th Cir. 2008) (per curiam) (denying reassignment of complex case on remand because there was nothing to suggest that "the district judge would have any difficulty considering the evidence anew in light of [a superseding] decision of the Supreme Court").

## B.   Appearance of Justice

Plaintiffs point to two statements by the Court which purportedly create the appearance of prejudgment of the merits of their claims.  First, Plaintiffs cite to language in the December 1, 2005 opinion that the Court "could dismiss all of Plaintiffs' claims based on <u>forum</u> <u>non</u> <u>conveniens</u>." <u>Sahu I</u>, 418 F. Supp. 2d at 410.  However, Plaintiffs themselves point out that this is mere dicta which played no part in the ultimate outcome of the summary judgment decision.  Although the Court expressed some concern about the proper forum for this lawsuit, this implies no judgment whatsoever about the merits of

Plaintiffs' claims.  Indeed, the Court clearly set aside its own
views about the appropriateness of the forum and retained the
case in order to evaluate each of Plaintiffs' arguments
independently.  If, as Plaintiffs suggest, the Court were
inclined to dismiss the case, it would have done so more than
four years ago when it had the opportunity to transfer the case
to India – just as it did in In re Union Carbide.  Cf. United
States v. North Carolina, 180 F.3d 574, 583 (4th Cir. 1999)
(rejecting reassignment "[a]lthough . . . the district court
judge harshly criticized the terms of the consent decree and
expressed doubt regarding the existence of subject matter
jurisdiction, we find no indication that the judge could not put
these views out of his mind.  Indeed, he appears already to have
done so:  The judge did not rely on any of [his] criticisms of
the consent decree in refusing to enter it and ultimately
concluded that the United States had pled subject matter
jurisdiction").  No impartial observer reasonably could believe
that the Court's decision not to dismiss on grounds of forum non
conveniens in this case predisposes it against Plaintiffs.

    Next, Plaintiffs cite to a statement in the Court's opinion
in Bano resolving Defendants' motion to dismiss and/or for
summary judgment that "Union Carbide has met its obligations to
clean up the contamination in and near the Bhopal plant" as
evidence of prejudgment.  Bano v. Union Carbide Corp., No. 99

Civ. 11329, 2003 WL 1344884, at *9 (S.D.N.Y. Mar. 18, 2003).
Again, this comment was stray dicta, and the Court in no way
relied on this supposed belief in deciding the motion.  Bano was
dismissed on statute of limitations and standing grounds – the
dismissal did not involve any determination of the merits of the
Bano plaintiffs' claims.  Although the claims in Bano and Sahu
are similar, it is not reasonable to infer that a comment made
before the Court became aware of the existence of the Sahu case
persists almost seven years later, especially considering the
Court's explicit statements that it conducted an independent and
renewed review of the record in deciding the Sahu Plaintiffs'
motions.

        Plaintiffs also cite Hispanics for Fair & Equitable
Reapportionment (H-FERA) v. Griffin, 958 F.2d 24 (2d Cir. 1992)
in support of the request for reassignment.  However, unlike the
extreme facts of H-FERA, this Court has granted Plaintiffs
additional discovery with which to oppose summary judgment, and,
as discussed, the Court has no firmly held views about the
merits of this case which would prevent it from considering new
evidence.  Therefore, reassignment is not necessary to further
the appearance of justice in this case.

### C.   Waste and Duplication

        The Court must carefully weigh the amount of waste and
duplication of judicial effort reassignment of this case would

produce and may deny the motion where the equities are especially unbalanced.  For example, in Martens v. Thomann, the Second Circuit denied a motion to reassign even though "the appearance of fairness might be promoted by reassignment" in light of the fact that the case involved was

> a large, complex, and long-lived class action suit with which [the originally assigned judge] is intimately familiar.  As such, reassignment would necessarily engender a good deal of waste and duplication.  On balance, we believe that this squandering of judicial resources would be out of proportion to the modest gain in the appearance of fairness that reassignment might bring.

273 F.3d 159, 175 (2d Cir. 2001).

Considering the complexity of the claims Plaintiffs present, the more than five years this Court has invested adjudicating numerous issues in the case, and the Court's previous experience with Bano and In re Union Carbide, it would take a newly assigned judge an enormous amount of time to build up the relevant expertise this Court has established over the years.  Thus, even if there was some concern about the appearance of justice, which there is not, any improvement gained by reassignment would be dwarfed by the expenditure of judicial resources reassignment would necessitate.  The Court respectfully submits that it is particularly qualified to hear Plaintiff's claims, and will continue to do so in a fair and impartial manner until the case reaches a final disposition.

### D.    Referral to a Magistrate

Plaintiffs request in the alternative that the Court refer the summary judgment motion to a Magistrate Judge and request that he or she submit proposed findings of fact and recommendations for the motion's disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  In general, this Court prefers to handle all dispositive motions itself, and, as discussed, is uniquely situated to do so in this case.  Moreover, Defendants persuasively point out, and the history of this litigious case confirms, that one or both of the parties will inevitably object to the Magistrate's Report and Recommendation, after which this Court would undertake a de novo review of all findings and conclusions.  Thus, the motion would not achieve its goal of "review by a fresh pair of eyes," and, just as with reassignment, designation of a Magistrate Judge would result in an unnecessary waste of resources and duplication of effort. The Court declines to refer the summary judgment motion to a Magistrate Judge.

### III. Conclusion

Plaintiffs' motion for reassignment or referral to a Magistrate Judge is denied.  If Plaintiffs wish to file a motion to continue Fed. R. Civ. P. 15(a) as it existed prior to the December 1, 2009 amendment, the initial motion is due March 10, 2010; Defendants' response is due March 24, 2010; and Plaintiffs' reply is due April 9, 2010.

SO ORDERED.

Dated:     New York, New York
           February //, 2010


                              _____
                                    John F. Keenan
                              United States District Judge