```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JANKI BAI SAHU, et al.,         :
                                :
           Plaintiffs,          :
                                :     No. 04 Civ. 8825 (JFK)
     -against-                  :     Opinion and Order
                                :
UNION CARBIDE CORPORATION,      :
et al.,                         :
                                :
           Defendants.          :
-------------------------------X
```

APPEARANCES:

    For Plaintiffs:
        Richard S. Lewis, Esq.
        Reena Gambhir, Esq.
        HAUSFELD LLP

        Matthew K. Handley, Esq.
        COHEN, MILSTEIN, SELLERS & TOLL, PLLC

        Himanshu Rajan Sharma, Esq.
        Law Offices of H. Rajan Sharma

        Richard L. Herz, Esq.
        EARTH RIGHTS INTERNATIONAL

        Curtis V. Trinko, Esq.
        Law Office of Curtis V. Trinko, LLP

    For Defendants:
        William A. Krohley, Esq.
        William C. Heck, Esq.
        KELLEY DRYE & WARREN LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court are cross motions for reconsideration of a September 22, 2009 Memorandum Opinion and Order staying the time for Plaintiffs' opposition to Defendants' May 18, 2005 motion to dismiss and/or for summary judgment and granting in part,

1

denying in part certain discovery requests under Fed. R. Civ. P. 56(f).  For the reasons that follow, both motions are denied.

## I. Background

Familiarity with the facts and extensive procedural history of this case is presumed.  See Sahu v. Union Carbide Corp., 418 F. Supp. 2d 407 (S.D.N.Y. 2005); Sahu v. Union Carbide Corp., No. 04 Civ. 8825, 2006 WL 3377577 (S.D.N.Y. Nov. 20, 2006), rev'd, 548 F.3d 59 (2d Cir. 2008); Sahu v. Union Carbide Corp., 262 F.R.D. 308 (S.D.N.Y. 2009).  In brief, Plaintiffs initially filed suit as members of a putative class in a predecessor action entitled Bano v. Union Carbide Corp., No. 99 Civ. 11329.  However, that case was ultimately dismissed on statute of limitations grounds.  See Bano v. Union Carbide Corp., No. 99 Civ. 11329, 2003 WL 1344884 (S.D.N.Y. Mar. 18, 2003).  Those Plaintiffs who presented timely claims re-filed the instant suit against Union Carbide Corporation ("UCC," together with its former CEO Warren Anderson, "Defendants"), seeking recovery for injuries allegedly caused by exposure to soil and drinking water polluted by hazardous wastes produced by the Union Carbide India Limited ("UCIL") plant in Bhopal, India.  Plaintiffs claim that UCC, which was UCIL's parent company until 1994, and Warren Anderson are liable for their injuries because:  (1) Defendants were direct participants and joint tortfeasors in the activities that resulted in the pollution; (2) Defendants worked in concert

with UCIL to cause, exacerbate, or conceal the pollution; and (3) UCIL acted as UCC's alter ego, so the Court should pierce the corporate veil.

Discovery has been an issue of much debate in this case. Originally in Bano, Defendants produced documents responsive to the so-called "Eight Initial Discovery Topics" which generally involved "UCIL's practices at the Bhopal plant for the disposal of chemical waste products and the alleged environmental contamination or pollution of the soil or groundwater in or around the Bhopal plant." Sahu, 262 F.R.D. at 315.  The initial Bano production amounted to less than two boxes of documents, an amount which Magistrate Judge Pitman found to be unsurprising given UCC's assertions that it had limited involvement with the operations of the Bhopal plant.  Id.  After this discovery was produced, the Court permitted Defendants to move for summary judgment with the understanding that Plaintiffs could also move for additional discovery under Rule 56(f).  Id.  Plaintiffs so moved, and Defendants subsequently produced documents responsive to five additional requests.  Id.

As the Sahu plaintiffs were all members of the putative class in Bano, they had the benefit of this discovery prior to filing the operative Complaint.  They have also received Rule 56(f) discovery in this case relating to Plaintiffs' attempt to pierce the corporate veil to hold UCC liable for UCIL's (now

3

called Eveready Industries India Limited) conduct.  See Sahu, 418 F. Supp. 2d at 416.

After the Court of Appeals reversed this Court's decision to convert Defendants' motion to dismiss to a motion for summary judgment and dismiss the case, Plaintiffs moved for a stay and an opportunity to conduct additional discovery under Rule 56(f). Plaintiffs wished to gather the necessary evidence to oppose summary judgment through 63 document requests, one Rule 30(b)(6) deposition, depositions of UCC's former officers, and 86 requests for admission.  In a September 22, 2009 Memorandum Opinion and Order, the Court granted the stay in order to permit limited discovery.  Sahu, 262 F.R.D. at 318.  As such, the Court denied many of Plaintiffs' document requests as either not germane to the issues to be argued on summary judgment or cumulative of Rule 56(f) discovery Plaintiffs previously received in this case and in Bano.  Id. at 314-17.  The Court also denied Plaintiffs' requests to take depositions as overly burdensome in light of the difficulty and expense involved in preparing witnesses to testify to events which occurred as long as thirty-seven years ago.  Id. at 317.  The Court further denied Plaintiffs' requests for admission because they could adequately prove the facts for which they requested admissions with documentary evidence already provided.  Id. at 318.

Plaintiffs now move for reconsideration of the September 22, 2009 opinion, arguing that the Court failed to consider certain facts in denying one Rule 30(b)(6) deposition, five document requests, and one request to admit.  Defendants cross move for reconsideration of two document requests the Court allowed Plaintiff to pursue.

## II. Discussion

### A.   S.D.N.Y. Local Civil Rule 6.3

Under Local Civil Rule 6.3, a party seeking reconsideration of a decision must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  Reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Keiser v. CDC Inv. Mgmt. Corp., No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).  The goal of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (citations omitted); see In re Refco Capital Markets, Ltd. Brokerage

Customer Secs. Litig., No. 06 Civ. 643, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (a motion for reconsideration "is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue"). Therefore, "[u]nder Local Rule 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).  The motion is neither an invitation for the parties to relitigate a settled issue, nor is it an appropriate substitute for an appeal.  See Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998).

    **B. Plaintiffs' Motion for Reconsideration**

  Plaintiffs argue that in ruling on the boundaries of additional Rule 56(f) discovery, the Court only considered the possibility of Defendants' direct liability on the basis of UCC's allegedly inadequate transfer of technology to UCIL.  In so doing, Plaintiffs believe that the Court overlooked other theories of direct liability – including, inter alia, UCC's alleged faulty storage, disposal, and clean up of hazardous wastes and inadequate training of UCIL personnel – for which additional discovery is required to oppose summary judgment.

**1.   Fed. R. Civ. P. 30(b)(6) Deposition**

Plaintiffs argue that they need to take one Rule 30(b)(6) deposition to ascertain UCC's role in designing and maintaining the hazardous waste management system at the Bhopal plant and in planning for and implementing an "inadequate response to the ongoing pollution." Plaintiffs cite to several documents which purportedly indicate that UCC had a direct role in the conduct described, specifically: (1) a July 21, 1972 memorandum written by UCC employees recommending "further study" of waste disposal options at Bhopal (Pl. Reconsideration Mem., Ex. A at 1); (2) an excerpt from UCIL's 1973 Capital Budget Proposal which states that "one man has been loaned to UCIL to act as Project Manager until start-up" (Id., Ex. B); (3) a 1982 telex from UCIL referencing planned repairs to a leaking evaporation pond (Id., Ex. C); (4) a UCC memorandum dated November 9, 1989 regarding an October 30, 1989 meeting to discuss the Bhopal Site Rehabilitation Project (Id., Ex. D); and (5) a November 10, 1989 letter from a representative of Arthur D. Little presenting "preliminary thoughts" on the Bhopal facility investigation (Id., Ex. E). As Defendants have repeatedly asserted that they produced all documents relevant to environmental remediation at the Bhopal plant in Bano, Plaintiffs now claim that the sole method by which they can obtain the requested information is through a Rule 30(b)(6) deposition.

7

However, none of these arguments or supporting documentation were presented to the Court on the underlying Rule 56(f) motion. At that juncture, Plaintiffs stated that depositions were necessary "to establish UCC's official position on the documents at issue in this case." (Aff. of Matthew K. Handley In Further Support of Motion Pursuant to Fed. R. Civ. P. 56(f) at ¶ 23). They made no assertion that the deposition was their last and only chance to discover UCC's direct role in the environmental contamination, and thus have indicated no factual matter that the Court previously overlooked. The Court will not entertain Plaintiffs' improper attempt to bolster its unsuccessful motion with new arguments under the guise of Local Rule 6.3.

Even if Plaintiffs' arguments were properly before the Court, they would in no way alter the decision to deny the Rule 30(b)(6) deposition. Plaintiffs have received documentary discovery that covers both topics for which they seek permission to take a deposition. Specifically, as part of the Eight Initial Discovery Topics in Bano, Defendants produced documents relevant to the Bhopal plant's disposal and handling practices for chemical waste products, disposal facilities, environmental practices and safety procedures, and solar evaporation ponds. All of these document requests overlap with the first subject of Plaintiffs' proposed Rule 30(b)(6) deposition – i.e., UCC's role

8

in designing and maintaining the hazardous waste management system at the UCIL plant.  Additionally, Plaintiffs received documents concerning contamination found in or around the solar evaporation ponds at the Bhopal plant and measures taken to remedy the contamination, which, along with the initial Bano discovery, sufficiently covers the second deposition topic – i.e., UCC's role in planning and implementing a response to the alleged pollution in Bhopal.  Unlike in JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009), on which Plaintiffs attempt to rely, Defendants have demonstrated that the requested deposition would be "unreasonably cumulative or duplicative" of documentary evidence already produced.

    Moreover, the Court is not convinced either that the documents cited by Plaintiffs evidence "inexplicable gaps" in the discovery provided to date as to necessitate a deposition or that the relevant information Plaintiffs could reasonably expect to gain by deposing a witness about events and documents from as early as 1972 would justify the expense and effort such a deposition would require.  Thus, Plaintiffs' reliance on Bey v. City of New York, No. 99 Civ. 3873, 2007 WL 1893723, at *4 (S.D.N.Y. June 28, 2007) is misplaced, as the court in that case explicitly found that the requested deposition would involve no undue burden or expense.

**2.   Document Requests**

Plaintiffs also argue that in denying five document requests, the Court "made a factual error as the documents responsive to these requests are necessary to offer Plaintiffs a fair opportunity to respond to Defendants' motion for summary judgment." (Pl. Reconsideration Mem. at 8). This is nothing more than an assertion that the Court should reconsider its September 22, 2009 opinion because Plaintiffs think the decision is wrong. Plaintiffs identify no actual facts the Court overlooked, and nothing to call into doubt the Court's previous determination that these document requests are either not germane to the arguments on summary judgment or are duplicative of discovery in Bano.

The Court certainly did take into consideration all theories of direct liability presented in the Complaint, and nonetheless found that Plaintiffs' document requests went beyond their scope. It bears repeating that Rule 56(f) discovery, in general and as warranted in this case, is limited in nature. Plaintiffs have provided no explanation as to why Document Request No. 8 for "Documents concerning the Bhopal plant generated by or received by UCC's Engineering Department or employees at UCC offices in Connecticut, South Carolina, or West Virginia," and Request No. 26 for "All minutes of meetings of the Board of Directors of UCC and Union Carbide Eastern

10

referring to UCIL, the Bhopal plant and/or any matters occurring in Bhopal," would bring forth documents, other than those already produced, evidencing UCC's alleged faulty storage, disposal, and clean up of hazardous wastes at Bhopal or its alleged inadequate training of UCIL personnel. Although Plaintiffs argue that these requests are relevant to UCC's relationship with UCIL, they are unlimited as to subject matter and framed so broadly as to indicate that Plaintiffs are merely speculating that by casting their net widely, they might capture something relevant.

Document Request No. 27 calls for "Minutes or memoranda of the Executive Committee of UCC referring or relating to environmental issues at the Bhopal plant." Regardless of the theory of direct liability espoused, UCC has already produced documents in its possession or control regarding the alleged environmental contamination and soil and water pollution. Plaintiffs have provided no explanation as to why they believe there are additional minutes or memoranda that were not produced in Bano that would shed light on UCC's alleged faulty storage, disposal, and clean up of hazardous wastes and inadequate training of UCIL personnel. Instead, Plaintiffs now argue that these documents are directly relevant to their piercing the corporate veil claim. However, Plaintiffs already received additional Rule 56(f) discovery in this case specific to the

11

corporate veil claim, and again, offer no basis on which the Court could conclude that there may be additional documents not yet produced.

Similarly, Plaintiffs press for reconsideration on Document Request No. 29 for "Documents concerning the Sevin carbamoylation process and the MIC-to-Sevin process" because they believe the documents so far provided do not make clear whether the Sevin carbamoylation batch process UCIL may have ultimately used to manufacture its Sevin pesticide was a substitute for UCC's MIC-to-Sevin process.  Defendants argue that they have already provided documents which indicate that UCIL chose to replace UCC's MIC-to-Sevin process with its own Sevin carbamoylation batch process.  Indeed, in the Rule 56(f) discovery in Bano, Defendants produced documents relevant to "the decision to back-integrate the UCIL plant and the technology and environmental risks associated with such decision."  Sahu, 262 F.R.D. at 315.  Although Plaintiffs may wish that the documents spelled out the distinctions between the MIC-to-Sevin and Sevin carbamoylation batch process in more explicit terms, they have put forth no basis on which the Court should revisit its previous determination that the Bano production adequately covered documents regarding the manufacture of the Sevin pesticide.

Finally, the Court sees no cause to reconsider the denial of Document Request No. 30, which calls for "Documents arising from or related to UCC's 1977 Capital Budget Proposal for UCIL." Yet again, Plaintiffs identify no factual matters overlooked by the Court, and no reason to believe that these documents, which apparently involve UCIL's Capital Budget Proposal, would provide additional information about UCC's alleged faulty storage, disposal, and clean up of hazardous wastes or inadequate training of UCIL personnel. Moreover, to the extent Plaintiffs' request for reconsideration is founded on missing appendices to the Capital Budget Proposal, it is moot as Defendants assert they have provided the document in full.[1]

### 3.  Request for Admission

Finally, Plaintiffs highlight no fact the Court overlooked in holding that Plaintiffs have documentary evidence with which

---

[1] The Court has also received from Plaintiffs a submission of "Recently Obtained Evidence" in support of their motion for reconsideration consisting of a transcript of an interview of a former UCIL employee, Mr. Ranjit Dutta, conducted by Plaintiffs' attorney in Mr. Dutta's backyard in Bhopal.  In this unsworn, uncounseled, and extremely informal discussion, Mr. Dutta supposedly contradicts sworn testimony he gave in a 1985 affidavit regarding UCC's role at the UCIL plant.  Although Plaintiffs may have only recently obtained Mr. Dutta's statements, they had more than twenty years to interview the witness and could have provided this information to the Court in support of its Rule 56(f) motion.  To the extent this interview can even be considered evidence, Local Rule 6.3 forbids a party from supplementing a motion for reconsideration with new material.  Therefore, this submission is not properly before the Court.

13

to prove the facts underlying Request to Admit No. 73. Plaintiffs bear the burden of reviewing the discovery provided in order to establish that "UCC approved the creation of a landfill in the area of the solar evaporation ponds at the Bhopal plant." They have received discovery about the plant's disposal facilities and the solar evaporation ponds in general, as well as documents regarding "any contamination found in or around solar evaporation ponds at the UCIL plant site while UCIL was in possession and control of the plant and any measures taken to remedy the contamination during that time." Sahu, 262 F.R.D. at 315. Therefore, there is no cause for the Court to reconsider its holding that the Request for Admission is unnecessary in light of the documents Plaintiffs have received.

**C.  Defendants' Motion for Reargument and/or Reconsideration**

Defendants urge reconsideration of the September 22, 2009 decision with respect to two topics on which the Court found that Plaintiffs were entitled to receive additional documents. Specifically, Defendants challenge Document Request No. 33, which asks for "Documents referring or relating to the Foreign Collaboration Agreement regarding the Bhopal plant" and Request Number 34, which demands "All documents concerning the technology transfer agreement, if any, between UCC and UCIL." The Court initially found that Plaintiffs were entitled to these documents because they were germane to the Complaint's

14

contention that UCC transferred inadequate technology to UCIL. Defendants now argue that the Court misapprehended that the only factual basis for this allegation is that UCC transferred "unproven" technology, when in fact the various types of technology UCC sent to UCIL were commercially proven. Defendants also argue that they should not be required to comply with Document Request Nos. 33 and 34 because UCIL ultimately did not use many of the process designs UCC provided.  As an initial matter, neither of these arguments were raised in opposition to the Rule 56(f) motion and thus do not form the basis for reconsideration.  Moreover, Defendants are asking the Court to make factual findings more appropriately addressed in the motion for summary judgment.  Plaintiffs supported Document Request Nos. 33 and 34 with evidence which indicates that UCC transferred technology, know-how, and technical support to UCIL. The nature of the alleged technology transfer and the extent to which process designs were used at Bhopal are exactly the factual disputes for which additional discovery is required.

## III. Conclusion

As neither party has demonstrated that the Court overlooked pertinent facts in issuing its September 22, 2009 discovery order, both motions for reconsideration are denied.

SO ORDERED.

Dated:   New York, New York
         March 15, 2010

                                    _____
                                          John F. Keenan
                                    United States District Judge