```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JANKI BAI SAHU, et al.,         :
                                :
           Plaintiffs,          :
                                :
     -against-                  :    No. 04 Civ. 8825 (JFK)
                                :    Memorandum Opinion & Order
UNION CARBIDE CORPORATION,      :
et al.,                         :
                                :
           Defendants.          :
-------------------------------X
```
**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiffs' motion to retroactively apply the 2009 version of Rule 15(a) of the Federal Rules of Civil Procedure in the event an amended complaint is filed in this case. For the reasons that follow, the motion is denied without prejudice.

## I.   Background

Familiarity with the facts and extensive procedural history of this case is presumed. See Sahu v. Union Carbide Corp., 418 F. Supp. 2d 407 (S.D.N.Y. 2005) (converting Union Carbide's motion to dismiss to motion for summary judgment, granting summary judgment on all claims except piercing the corporate veil, and granting Plaintiffs Rule 56(f) discovery on sole remaining claim); Sahu v. Union Carbide Corp., No. 04 Civ. 8825, 2006 WL 3377577 (S.D.N.Y. Nov. 20, 2006) (granting summary judgment on piercing the corporate veil claim), rev'd, 548 F.3d 59 (2d Cir. 2008) (vacating summary judgment orders); Sahu v.

1

Union Carbide Corp., 262 F.R.D. 308 (S.D.N.Y. 2009) (granting Plaintiffs further Rule 56(f) discovery and staying Defendants' motion to dismiss/motion for summary judgment); Sahu v. Union Carbide Corp., No. 04 Civ. 8825, 2010 WL 909074 (S.D.N.Y. Mar. 15, 2010) (denying cross motions for reconsideration).

Although this case has been pending for more than five and a half years, no responsive pleading has been served. Therefore, under the pre-amendment version of Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs would still be able to amend the complaint once as a matter of course. However, the amended Rule 15 imposes time limits on the amendment of pleadings such that Plaintiffs would not be able to amend. Plaintiffs now request that the Court apply the pre-amendment Rule 15(a) so that they may preserve their right to amend the complaint if necessary.

## II.  Discussion

Prior to December 1, 2009, Rule 15 allowed a party to amend a pleading once as of right at any time "before being served with a responsive pleading." Fed R. Civ. P. 15(a)(1)(A) (2009). On December 1, 2009 a new version of Rule 15 came into effect, limiting a party's ability to amend a pleading as a matter of course to 21 days after service of the pleading or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1) (2010). Notwithstanding

this amendment, a party may still amend a pleading on consent or by leave of the court.  Fed. R. Civ. P. 15(a)(2).

Plaintiffs argue that they "do not yet know – and cannot know – whether amendment is necessary" because they are still receiving and reviewing Rule 56(f) discovery the Court authorized on September 22, 2009.  (Pl. Reply Br. at 2).  As an initial matter, the Court granted Rule 56(f) discovery so that the Plaintiffs may fully defend against the dismissal of claims that have already been pleaded, not to ferret out new claims that would compel amendment.  Beyond this contention, there is no apparent reason why Plaintiffs could not have amended the complaint prior to December 1, 2009.

Nevertheless, the more fundamental problem with Plaintiffs' motion is that it is premature.  At no time either prior to or after the promulgation of the new Rule 15(a) have Plaintiffs attempted to file an amended complaint.  In that sense, Plaintiffs' reliance on Vissuet v. Indymac Mortgage Services is misplaced.  In Vissuet, the court had previously "encouraged" plaintiff to file an amended complaint, and plaintiff expressly confirmed that it would do so on November 30, 2009, the day before the revised Rule 15 went into effect.  No. 09 Civ. 2321, 2009 WL 4798879, at *1 (S.D. Cal. Dec. 8, 2009).  Where all parties and the court were on notice that an amended complaint was forthcoming, the court retroactively applied Rule 15 so that

3

the new complaint, which was in fact filed on December 4, 2009, would be timely.  Id.  Unlike Vissuet, the Plaintiffs here assert they may never need to amend the complaint; they only seek to preserve their right to do so without prior leave.  In effect, Plaintiffs are requesting an advisory opinion from the Court about how it would view an amended complaint should one be filed.  See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) (the Court may only decide "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").  There is no need for the Court to determine whether Plaintiffs retain the right to amend unless or until they come to the conclusion that they wish to exercise that right; to decide the motion on the merits at this point would be to waste judicial resources on a dispute that may never come to pass.  If and when Plaintiffs resolve to amend the complaint, they may renew this motion and/or pursue a motion under Rule 15(a)(2).

## III. Conclusion

Based on the present circumstances, the motion must be denied without prejudice unless or until Plaintiffs decide to file an amended complaint.

SO ORDERED.

Dated:   New York, New York
         June 16, 2010

                                          John F. Keenan
                                  United States District Judge